```
IN THE UNITED STATES DISTRICT COURT
   FOR THE DISTRICT OF PUERTO RICO
```

CITIMORTGAGE, INC.

    Plaintiff

       v.

REINALDO JOSE PANIAGUA-LATIMER, CYNTHIA MARIE MUÑOZ-ZAYAS, CONJUGAL PARTNERSHIP PANIAGUA-MUÑOZ

    Defendant(s)

**Civil No. 08-1591 (SEC)**

**OPINION and ORDER**

Pending before this Court is Defendants Reinaldo Paniagua Latimer, Cynthia Marie Muñoz Zayas, and their conjugal partnership's ("Defendants") motion to vacate default judgment. Docket # 18. Plaintiff Citimortgage, Inc. ("Plaintiff") opposed (Docket # 20), and Defendants replied (Docket # 21 & 24). After reviewing the filings and the applicable law, Defendants' motion to vacate default judgment is **GRANTED**.

**Factual and Procedural Background**

On May 27, 2008, Plaintiff filed the present suit seeking foreclosure of Defendants' property, arguing that they failed to pay the monies owed pursuant to the mortgage note owned by Plaintiff. Docket # 1. Plaintiff's motion for service by publication was granted on October 29, 2008 (Docket # 6), and proof of service by publication was filed on January 22, 2009 (Docket # 8). Pursuant to Plaintiff's request, default was entered against Defendants. Docket # 11. On May 14, 2009, this Court entered default judgment against Defendants and ordered the that the property be sold at public auction. Docket # 13.

On November 3, 2010, Defendants filed a motion to set aside this Court's May 14, 2009 default judgment. Docket # 8. According to Defendants, said judgment is void insofar as

**CIVIL NO. 08-1591 (SEC)**                                                                                                         Page 2

Plaintiff failed to submit an affidavit or a verified complaint attesting to the merits of the cause of action as required by Rule 4.5 of the Puerto Rico Rules of Civil Procedure. Id. In opposition, Plaintiff avers that the motion for service by publication was properly supported by an affidavit by Jorge Rivera Andujar, the process server, setting froth the steps taken to personally serve Defendants. Docket # 20.

**Standard of Review**

As a general matter, Rule 60(b) seeks to balance the importance of finality against the desirability of resolving disputes on the merits. Farm Credit Bank v. Ferrera-Goitia, 316 F.3d 62, 66 (1st Cir. 2003). The First Circuit has held that "[a] party who seeks recourse under Rule 60(b) "must persuade the trial court, at a bare minimum, that his motion is timely; that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, he has the right stuff to mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted." Karak v. Bursaw Oil Corp., 288 F. 3d 15, 19 (1st Cir. 2002). Therefore, "relief under Rule 60(b) is extraordinary in nature and […] motions invoking that rule should be granted sparingly." Karak, 288 F. 3d at 18.

Under said rule, a court, upon motion by a party, may relieve said party from a judgment entered against it for any of the several reasons set therein, if certain requirements are met. For example, a judgment may be set aside if there was excusable neglect or mistake, or fraud. Moreover, Rule 60(b)(4) allows a district court to grant relief from a judgment that is "void." Shank/Balfour Beatty v. IBEW Local 99, 497 F.3d 83, 94 (1st Cir. 2007).

The "concept of void judgments is narrowly construed." Indianapolis Life Ins. Co. v. Herman, 204 Fed. Appx. 908, 910 (1st Cir. 2006) (citing United States v. Boch Oldsmobile, Inc., 909 F.2d 657, 661 (1st Cir. 1990)). A judgment is void, and may be set aside under Rule

**CIVIL NO. 08-1591 (SEC)**                                                                 Page 3

60(b)(4), if the court lacked subject matter jurisdiction over the defendant, or when the court's actions constitute a violation of due process. Id.; O'Callaghan v. Shirazi, 204 Fed. Appx. 35, 37 (1st Cir. 2006). Specifically, "[a] judgment is not void simply because it is or may have been erroneous; it is void only if, from its inception, it was a legal nullity." Indianapolis Life Ins., 204 Fed. Appx. at 910 (citations omitted).

Generally, a motion for relief from a judgment under Rule 60(b) is a matter left to the sound discretion of the Court. Sea-Land Serv., Inc. v. Ceramica Europa II, Inc., 160 F.3d 849, 582 (1st Cir. 1998); Oriental M.S. Corp. v. One Sources Inc., No. 01-2743, slip op. at 10 (D.P.R. Aug. 31, 2005) (citing Chang v. Smith, 103 F.R.D. 401, 405 (D.P.R.1984)). However, when the motion is based on a void judgment under Rule 60(b)(4), the district court has no discretion to deny the motion. Sea-Land Serv., 160 F.3d at 582; Oriental M.S. Corp., No. 01-2743, slip op. at 11. As a result, if a court lacks jurisdiction over the parties because of insufficiency of service of process, the judgment is considered void and the district court is obligated to set the same aside. Id. (citing Echevarria-Gonzalez v. Gonzalez-Chapel, 849 F.2d 24, 28 (1st Cir. 1988).

Moreover, the First Circuit has held that Rule 60(b)(4) motions cannot be denied on the procedural ground that they were not brought within a "reasonable time" as generally required under Rule 60(b). Sea-Land Serv., 160 F.3d at 582. "Although the language of Rule 60(b) literally applies even to motions alleging lack of personal jurisdiction, this court has held that motions to set aside a judgment for lack of personal jurisdiction under Rule 60(b)(4) may be made at any time." Id.

**Applicable Law and Analysis**

In their motion, Defendants rely on Hospital Mortgage Group, Inc. v. Parque Industrial Rio Canas, Inc., 653 F.2d 54, 56 (1st Cir. 1981), in arguing that Plaintiff's failure to submit a

**CIVIL NO. 08-1591 (SEC)**                                                                                                              **Page 4**

verified complaint or, in the alternative, an affidavit attesting to the merits of their cause of action warrants vacating the default judgment entered in this case. They posit that Plaintiff's motion for service by publication did not comply with Rule 4.5 of the Puerto Rico Rules of Civil Procedure, therefore, this Court lacks personal jurisdiction over Defendants.

In its opposition, Plaintiff argues that Defendants' reliance on *Hospital* is misplaced. Specifically, Plaintiff avers that the default judgment in *Hospital* was vacated because therein plaintiff's affidavit was inadequate insofar as it only stated counsel's opinion and did not provide any factual allegations as required by Rule 4.5. Plaintiff contends that, in contrast, they submitted an affidavit by the process server detailing his attempts to personally serve Defendants. They further point out that their attorneys signed the complaint, and as a result, the complaint does not need to be verified.

Generally, a court obtains personal jurisdiction usually over a defendant by service of process. Farm Credit Bank, 316 F.3d at 68 (citing Jardines Bacata, Ltd. v. Diaz- Marquez, 878 F.2d 1555, 1559 (1st Cir. 1989). It is well settled that without personal jurisdiction, a court is without power to adjudicate a claim or obligation of a person, and "any judgment or order so rendered is null and void." Oriental M.S. Corp., No. 01-2743, slip op. at 13 (citing General Contracting & Trading Co. v. Interpole Inc., 899 F.2d 109, 114 (1st Cir. 1990)). As previously stated, if the judgment is void, the district court has no discretion or option but to set aside the entry of the judgment. Echevarria-Gonzalez, 849 F.2d at 28. The burden of proof lies on the Plaintiff to establish that proper service of process has been effected. Oriental M.S. Corp., No. 01-2743, slip op. at 15 (citing Saez Rivera v. Nissan Manufacturing Co., 788 F. 2d 819 (1st Cir. 1986).

When service of process is attempted pursuant to a procedural rule of Puerto Rico, this Court is bound by the interpretations of that rule by the Supreme Court of Puerto Rico. Culebra

Conservation & Dev. Authority v. Wit Power II, 108 F.R.D. 349, 352 (D.P.R. 1985). The Supreme Court of Puerto Rico has "insisted upon strict compliance with the requirements for service outlined in the Puerto Rico Rules of Civil Procedure, notably, Rule 4.5." Culebra Conservation, 108 F.R.D. at 352.

Pursuant to Rule 4.5, a court shall issue an order providing for service by publication when process is to be served on a person who may be in Puerto Rico but who cannot be located although attempts have been made to locate him or when the person goes into hiding to avoid being served with process. This, however, requires that the plaintiff prove to the satisfaction of the court "in an affidavit stating the steps taken, and provided that said statement or the verified complaint filed states a claim justifying the granting of some relief against the person to be served or that the person to be served is a proper party to the action." Thus the affidavit must set forth specific probative facts showing that due diligence has been employed to locate defendants, and said statement, or the verified complaint, must properly show that plaintiff has a good cause of action. Senior Loiza Corp. v. Vento Dev. Corp., 760 F.2d 20, 24 (1st Cir. 1985) (finding that affidavit where the plaintiff specifically referred to the complaint and incorporated the factual allegations was sufficient under Rule 4.5). "The strictness of the[se] requirement[s] is based on the fact that service by publication permits a plaintiff to proceed to judgment with nothing more than a form of notice to defendant -- publication -- that is quite likely to go unobserved." Id. Insofar as "Rule 4.5 sets out the exclusive method through which a court may obtain jurisdiction over a party solely by way of publication ...any significant failure to comply with its requirements will cause the nullity of the judgment." Senior Loiza Corporation, 760 F.2d at 24; see also Culebra Conservation, 108 F.R.D. at 352.

This Court first notes that *Hospital* rejected the proposition that a complaint is effectively verified when it is signed by counsel pursuant to Rule 11. On this point, the Court noted that "if

**CIVIL NO. 08-1591 (SEC)** Page 6

every complaint signed by counsel is effectively verified, verified complaints have significance only in *pro se* cases, and the requirement of an affidavit of merit under Rule 4.5 is eliminated whenever a plaintiff is represented by counsel." Hospital, 653 F.3d at 57. Insofar as "[t]he Supreme Court of Puerto Rico has not read Rule 4.5 in that way," the Court held that plaintiff did not comply with Rule 4.5. Accordingly, Plaintiff's argument on this front fails.

We further note that, as Defendants correctly point out, although Plaintiff submitted an affidavit by the process server, they did not file a verified complaint or accompanied the motion for service by publication with an affidavit setting forth factual allegations that justifies that they are entitled to some relief. In light of the applicable case law, this defect deprives this Court of jurisdiction over Defendants, and consequently renders the default judgment void. As a result, this Court's May 14, 2009 default judgment is **VACATED**, and the present case is **DISMISSED without prejudice** for lack of personal jurisdiction.

**Conclusion**

For the above stated reasons, Defendants' motion to vacate default judgment is **GRANTED**, the May 14, 2009 default judgment is **VACATED**, and the instant case is **DISMISSED without prejudice**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 27th day of December, 2010.

*s/Salvador E. Casellas*
Salvador E. Casellas
U.S. Senior District Judge